IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE L. MOODY,<br><br>    Petitioner,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, SAN QUENTIN RECEPTION CENTER,<br><br>    Respondents | No. C 09-4472 JSW (PR)<br><br>**ORDER DISMISSING PETITION** |

    Petitioner, a prisoner of the State of California currently incarcerated at San Quentin Reception Center ("SQRC") in San Quentin, California, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition is directed to problems that Petitioner is encountering with the mail system at SQRC as well as his not receiving mailing envelopes and pens required to be distributed to indigent prisoners.

    Petitioner's claims involve the conditions of his confinement and not the fact or duration of his confinement, hence they are not the proper subject of a habeas action.  *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

    The Supreme Court has declined to address whether a challenge to a condition of

confinement may be brought under habeas. *See Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979); *Fierro v. Gomez*, 77 F.3d 301, 304 n.2 (9th Cir.), *vacated on other grounds*, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). Therefore, Petitioner's claims are properly brought under 42 U.S.C. § 1983.

A district court may construe a habeas petition attacking conditions of confinement as a civil rights action under 42 U.S.C. § 1983. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). However, although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from his or her prisoner account. In view of this, this case will be dismissed without prejudice to Petitioner filing a civil rights action if he wishes to do so in light of the above. As such, the Clerk shall close the file and enter judgment.

IT IS SO ORDERED.

DATED: October 20, 2009

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RONNIE L MOODY,

        Plaintiff,

  v.

CDCR et al,

        Defendant.

Case Number: CV09-04472 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 20, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronnie Lee Moody T54036
San Quentin State Prison
I AC 645
San Quentin, CA 94964

Dated: October 20, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk